Thank you. Great. Thank you, Your Honors. Thank you. The next case is Martinez-Hernandez v. Blanche. Give counsel a moment to come forward. You may proceed. Thank you. Good morning, Your Honors, and may it please the court. My name is Lydia Donagare, and I represent the petitioner, Mr. Daniel Martinez-Hernandez, along with my co-counsel, Michaela Kosky, Kayen McCleary, and Kari Hong. I will leave three minutes for rebuttal, and I will watch the clock. This case is about a detained, illiterate, mentally ill man who was denied a fair hearing before the Executive Office of Immigration Review. Because this competency in this case affects everything else here, I will start with that and move on to the Convention Against Torture, Particularly Serious Crime, and Asylum Issues, if time allows. Moving first to competency, the critical error in this case, which affects all other issues. Due process requires that individuals before the EOIR must be competent to proceed. They must have a rational, factual understanding of the nature and object of the proceedings, be able to consult with counsel, if available, and they Because your time is limited, let me just start asking you some questions here. In the PSC determination, I think you're arguing, I believe, that the sentence imposed by the state court cuts against the BIA's PSC finding, but it seems or it appears that the BIA and IGA did consider the terms of the sentence imposed. So I was just curious to find out what would you have wanted the agency to have done differently here? I think the critical error that we spoke to in the Particularly Serious Crime piece is ensuring limitations on what evidence can be considered and how it's used in making that PSC determination there. Alcarez Enriquez v. Garland does require certain limitations on hearsay evidence. These have the same reliability concerns in that context as anywhere else. The agency, the IJ, relied heavily on the affidavit of probable cause and hearsay therein, and did not give Mr. Daniel Martinez Hernandez the opportunity to confront the witnesses against him, did not require the Department of Homeland Security to procure the witnesses against him. So you're going back, you're going to the right to cross-examine then in challenging the sentence imposed, in questioning the sentence imposed? Because it seems like it appears that what you have to do is see if the BIA and the IJ considered the terms of the sentence imposed, and it looks like they did. So I was just trying to figure out if there was anything else to that. Yes, Your Honor. Of course, the agency can look at a wide array of evidence in making its Particularly Serious Crime consideration. I think there were multiple errors here. In part, they did misstate the significance of the Alford plea, not allowing him to assert his innocence in this new venue. Additionally, in terms of the facts of the sentence themselves, the facts of the sentence I don't believe were fully considered by the agency there. How do we know? I mean, what tells us that the BIA stated that he was sentenced to a suspended term of between two to nine years in prison and five years of probation? The IJ noted that he was required to pay a fine. I'm just not sure what tells us that they didn't fully consider the terms of the sentence here. Your Honor, they did not consider that he was given credit for time served. They, I do not believe, looked correctly at the sentence, which was five years probation and a two to nine year term. Your Honor, in terms of the what they didn't consider as far as the actual sentence in the Idaho court. My understanding is that they relied more so on the possible sentence rather than what actually was served by Mr. Martinez Hernandez. It seems like the IJ may consider all reliable evidence. That's our case law. And so I'm just trying to figure out how the IJ would have abused its discretion in not considering the Alford plea or any of the other sort of points that you're raising here that the IJ didn't do when the IJ can consider so much. If we can move on to what you assert is the right to cross-examine a witness. And that, I guess, comes up when there are contested facts. Did petitioner here contest the facts within the probable cause affidavit at the merits hearing? Yes, Your Honor. In terms of I do just want to say one thing about the Alford plea, which you mentioned, I think it's important here that Mr. Martinez Hernandez did try to dispute the underlying conviction and the facts from that underlying conviction repeatedly, including by pleading Alford. The immigration judge incorrectly told him that he pled guilty and there was no way he could assert his innocence. That is a misstatement of the significance of an Alford plea. And he also asserted his innocence on page 131 and 151 of the record. Therefore, he was disputing the allegations in the affidavit of probable cause as well as his innocence writ large. On appeal to the BIA, he didn't contest the facts of conviction. He didn't indicate any wish to cross-examine the victim or the drafter of the probable cause affidavit. Didn't challenge the immigration judge's consideration of the probable cause affidavit. So why have you failed? Why haven't you failed to exhaust this procedural due process claim? Your Honor, before the BIA. And I'm looking at the brief right now. It just raises all that, you know, categorical approach, modified categorical approach arguments that are in your brief to us. I don't see anything actually challenging the probable cause affidavit. Your Honor, before the BIA, the pro se brief raised the issue of withholding of removal, which was denied on particularly serious crime grounds on the administrative record at page 12 and 77 and 79. The BIA squarely addressed this issue. So I believe this was exhausted twice over. And the BIA addressed this issue on address the issue of the right to cross-examine. Your Honor, address the issue of the particularly serious crime piece. Right. So are you saying if an agency addresses the merits, then any procedural argument with regard to that claim is also exhausted? Is that your argument? Your Honor, my argument is that pro se briefs should be construed liberally. He did raise the withholding issue and the BIA address the particularly serious crime issue, and therefore it's exhausted under this. But how is the agency supposed to just figure out that he's raising a claim that he didn't raise? Regarding the right to cross-examine. Your Honor, I think ultimately what this goes back to is that Mr. Martinez Hernandez was denied a fair hearing before the EOIR, and he therefore was unable to effectively contest evidence, effectively confront the witnesses against him. But where's the prejudice here? I mean, he himself admitted to sexually abusing the victim six to eight times when she's eight years old. And so where's the prejudice here? Whether it's six to eight times or more times than the victim can count, whether it's when the victim was eight years old versus when she was five to 14 years old. Either way, it seems like there's definitely enough facts here for the conviction. Your Honor, we're not challenging, obviously, the conviction before this court. There is many reasons that people confess early on in police interrogations. In fact, it's been shown that. Folks of limited English proficiency falsely confess at higher rates. What we're requesting here is that he be given a opportunity to effectively represent himself and understand the proceedings before the Executive Office of Immigration Review, that he be given the opportunity to contest the particularly serious crime finding, as well as all the other findings that we raised in our briefing. And that is, you know, on the on the mental competency, we normally have something more than just unclear testimony. And in this case, Mr. Martinez Hernandez, when he entered his Alford plea on his criminal case, which was just five months before the immigration merits hearing, he said, I don't have a mental disorder. I, you know, mentally understand what's happening. He, you know, I've not been diagnosed with a mental health disorder. I'm not under the care of a mental health professional. I'm capable of understanding these proceedings. I'm not claiming that I'm mentally incapable of understanding these proceedings. Your Honor, if you're referring to the I-213 and the underlying criminal forms, those were not filled out by Mr. Martinez Hernandez. We do have unresponsive answers to questions. We do have inability to respond to questions. We have mental illness and we have illiteracy all present. Well, I'm talking about the guilty plea form where he had both a Spanish interpreter and counsel. Yes, Your Honor. My understanding is that the standard in the criminal context is different than the standard here where my client was not entitled to counsel. So I think that before the EOIR, we have myriad indicia of incompetency. We can consider all those indicia together, according to Lemus Rodriguez v. Bondi. The EOIR did not do that. And therefore, he was denied a fair hearing, denied the rigorous procedural safeguards that are required in that context. Beyond your time. Yes, Your Honor. Thank you. May it please the Court. Rebecca Hoffberg Phillips on behalf of the United States Attorney General. There are a number of issues in this case that have been unexhausted and therefore unreviewable and the remaining issues warrant denying the petition for review. I'm going to start with the particularly serious crime inquiry as this court has chosen to largely focus on that at this point. Your Honors are absolutely correct that the right to cross-examination exists, but it must be raised before the agency. It was neither raised before the IJ nor raised before the Board, and therefore, it was unexhausted. The idea that you can just raise a withholding of removal claim and dispute that on the merits and somehow expect that that is a challenge to a particularly serious crime finding at all is beyond credulity in the first place. But then to extend that further and to decide that that would actually warrant exhaustion of a procedural due process claim, as this court has recognized, is even further strained. There was absolutely no allegation of any due process violation before the IJ or before the Board. This court should not reach any issue related to that. But wouldn't you agree that the BIA does seem to have credited the testimony of the victim over the petitioner? He said anything only happened when she was 8. Only the victim said it happened over the 9 years that she was 5 to 14, and that's what they say in their decision. I think because nothing was raised about the particularly serious crime determination, obviously the government believes the Board should have just deemed it waived and not decided anything at all. But because the Board did say something about the particularly serious crime determination, yet nothing was raised about it before the Board. Did the petitioner contest any facts within the probable cause affidavit at the merits hearing? No, Your Honor. Would it be enough, though, that his account of the criminal conduct differed from the victim's account in the affidavit? If he had raised before the agency that he wanted cross-examination of the witness or the author of the document, that would have been something for the agency to consider. Our position at this point is that he didn't do that, and nevertheless it doesn't matter because to this very moment he's not disputing his own statements in that probable cause affidavit, which is the fundamental point here that Your Honors have already picked up on. What's the difference between he sexually harmed someone while she was 8 for a year versus numerous years? Sure, it's horrible if it were numerous years. It's also horrible that it was one year. It's also horrible that it was an 8-year-old. When has he ever disputed these basic facts underlying the particularly serious crime determination? He has not. And the fact that he says, I did not do this, that's exactly consistent with an Alford plea. And I just want to go through that very quickly. An Alford plea is when you recognize that the prosecution has the facts against you to secure the conviction, but you are nevertheless saying that you're innocent. In this case, that's what he did. He submitted an Alford plea. Just because he submitted an Alford plea, does that mean in every case when there's an Alford plea we find someone innocent and that they didn't do anything wrong? It defeats the whole point of having a conviction in the first place. So if you're going to say that you didn't do something wrong, okay, in this case it seemed like he didn't do what he was initially accused of, which was much more of the sexual offenses. What he was ultimately found convicted of, which is what the agency recognized, was the felonious injury to a child. Right. The assertions, I believe, were just that he didn't do it. Exactly, Your Honor. It's a little unclear about maybe what he actually did. Exactly. And that's different than saying, I did not do a single thing that they're saying I said that I did in that probable cause affidavit. There's a huge difference in that. And they're still not saying that now. I still haven't seen in the opening brief or the reply brief, which would be impermissible at this point anyway, because it would not be facts in the record. But they're not even suggesting that his own statements in that probable cause affidavit should be discounted. Now, the agency did identify what the witness said happened. And to the extent that he's conflicting with that, perhaps that that was not correct to do that. But it doesn't make a difference. And he didn't raise it. And so the fact of the matter is that there is no prejudice in this case, even if there was a reviewable due process claim, which the court should find that there is not. Because when you commit an injury upon a child of this nature with this. So you're saying go on. You would advocate for going on exhaustion and prejudice, but you actually might concede there might be error. There were there to the extent if he had raised it, the agency would have had a chance to do the cross examination and evaluate that. But if you want to if just for argument's sake, you want to say that they that there was a conflict conflicting accounts and the agency seemed to give some credit to what the witness said. Arguably, I will say the IJ did not specifically find that they said abuse to a child over a period of time, over a long period of time. I'm pretty sure the IJ and the BIA said five to 14 years old. Well, in the IJ's conclusion, he said harm to a child over a long period of time is why I'm finding this to be a particularly serious crime without putting a timestamp on it. But let's just say that they looked at the witness statements again. Let's say that that that they did. The fact is, again, Your Honor, I completely agree. Unexhausted and lack of prejudice, because under this court's case law, you shouldn't be able to review this in the first place. And even if you did, you wish you should find that consistent with the other cases, this type of crime cannot be in doubt to be particularly serious. It is against the child and any documents can be reviewed. As this court has already recognized, we are not confined to the modified categorical approach or the categorical approach in this case. There's a sentence that says the factual basis for the respondent's conviction is that the respondent committed a series of lewd and lascivious acts upon a minor who was under the age of 16, namely between her ages of five and 14 years. And these acts are described in the criminal complaint. I agree that he does later say, you know, that that the crime was perpetrated over a long period of that child's life. But it does seem like he is crediting the complaint there. And that isn't what the petitioner pled guilt or pled made the Alfred plea to. I took that to mean he's looking. That's where the factual basis is contained. It's titled the lewd and lascivious acts against a child. That's where that complaint. I thought he was more identifying where he was finding that because that original complaint is the one that's in the record. And so he's looking at the evidence but then recognizing, of course, that the actual conviction was for a crime of violence under a different section. So this is, I'm sorry, to clarify, this is on page 88 of the record. And you can see where the IJ starts off by identifying the factual basis. But I think he's really just identifying the document that he's looking at. And then he's going through and saying he was convicted of this crime. It states, you know, these things about his offense in addition to the sentence, in addition to the fine, and then concludes the fact that he has been convicted of a crime that was perpetrated on a young child over a long period of that child's life and continued to commit these offenses and then from there at the bottom of 88. So that's how he bases his conclusion without making those specific facts about the original charge. So our position is that no error was made because he didn't challenge that finding of the IJ to the board in any way and that the board addressed particularly serious crime merely to really rubber stamp what the IJ did because the board really could and should have found that it was deemed waived by completely failing to address it but nevertheless said something to the extent that it's before the court. The actual arguments on cross-examination and due process are required under Alcarez and Riquez and subsequent cases looking at it, they have required exhaustion of those issues. It's if the petitioner raises them. That much is very clear, you know, in cases that have since relied on them. I can just give you, for example, Feng v. Garland, 2023, Westlaw 2707188. It says, and if a petitioner objects to the admission of the interviewing officer's notes or contests a portion of the documents. But it's along those lines. That's an example. It's if it's raised. And in Alcarez itself, it was raised. It was not raised here. I'd like to move on unless the court has any other questions because we do have other issues. I wanted to address the mental competency finding in this case and also the deferral. In this case, I would actually like to just say that with respect to mental competency, the only reason why documents would be presented is if there was an indicia of mental competency. And here you have someone who was illiterate, not very skilled at answering questions. But that describes most petitioners, Your Honors. And if that were the test, everyone would be considered incompetent just based on the fact that they lack education or they're not as eloquent. In this case, there was nothing on the record. There was nothing indicating an indicia of mental incompetency that would have potentially called it into question to trigger any of those further processes that go along with that. I would like to point out that he only vaguely asserts to what mental competency he may or may not have had at the time. I did actually take it upon myself to try to figure out if there was anything because really what he should have done is presented documents to the board if he wanted to raise mental competency for the first time. As far as I can tell before the IJ, he had no medical history at that point, and that was based on an intake form that DHS had. And again, this is not in the record because he chose not to try to present this kind of evidence. So I'm not advocating for the court to consider it. But at the time of the IJ's decision, it doesn't appear that there was anything to point to, both from a medical perspective or from him raising it at all. So to say that there was any obligation on behalf of the government, I don't know where that obligation would have possibly come from. He raises it for the first time on appeal to the board, makes vague statements without actually supporting it with a shred of evidence, and then before this court expects the IJ should have conducted a competency hearing when in fact nothing was raised to indicate that he lacked competency. And my brief goes through exactly the scenarios that my opposing counsel points out that say this shows incompetency when in fact he was answering the questions perhaps imperfectly. I see that my time is out. Unless the court has any further questions, the government will rest on its brief. I'm happy to address the deferral. I know we didn't get to that, but I don't know if the court has further questions. Thank you. Okay, thank you, Your Honor. Ms. Dallaguer, you're out of time, but I'll give you one minute. Thank you, Your Honor. I'd like to address two points on rebuttal. First, Mr. Martinez-Hernandez did assert his innocence through an Alford plea. I believe opposing counsel conflates a no low contendere and an Alford plea. The Alford plea is a constitutional right to be able to maintain your innocence while pleading guilty. That is what he did at the state court's level. Alford plea is not a plea of innocence. It's a plea that they agree that the government could possibly prove what they say they're going to prove, but there's no statement. It's not a piece of exculpatory evidence. It's not a plea of innocence. Your Honor, it does have the same, of course, procedural impacts. Moving to whether or not he specifically asserted an issue with the hearsay evidence, that's the point. He needed procedural safeguards here, given that there was a dish of incompetency before the IJ. I see that my time has elapsed. I'll submit my case to the court if there are no further questions. Thank you. Thank you. Thank you, Ms. Del Nagare and Ms. Phillips. Really appreciate your oral argument presentations. The case of Martinez-Hernandez v. Blanche is now submitted, and we are adjourned. Thank you very much.
judges: MURGUIA, KOH, THOMAS